UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| LOUELLA MOBERLY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 06-297-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| METLIFE, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

On November 13, 2006, this Court entered an Order requiring the parties to submit memoranda in support of their positions on the appropriate standard of review in this case. [Record No. 14] The Order provided that this Court would specify the appropriate standard of review before the Plaintiff should file his motion for judgment.

In *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989), the Supreme Court set out two standards of review for ERISA benefit determinations. When the retirement plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, an abuse of discretion standard applies. *Id*. at 111. In all other cases, the review is *de novo*. *Id*. at 115.

In the instant case, although the plan gave the Defendant discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the parties disagree regarding the applicable standard of review. The Plaintiff acknowledges the Defendant was the

Plan Administrator, but argues that it was operating under a conflict of interest and, thus, the de novo standard of review should apply.

When a potential conflict of interest exists, the arbitrary and capricious standard still applies, however the analysis is "shaped by the circumstances of the inherent conflict of interest." *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 984 (6th Cir. 1991). While a conflict of interest in the administration of the plan is a relevant factor for the Court to consider, the analysis of any possible conflict of interest need not be addressed until the Plaintiff's forthcoming motion for judgment stands submitted for review. *Peruzzi v. Summa Medical Plan*, 137 F.3d 431, 433 (6th Cir. 1998). Accordingly, inasmuch as the plan gave discretionary authority to the Defendant, an abuse of discretion standard will apply.

Having disposed of the issue of the applicable standard of review, the Court notes that the previous Order, entered November 13, 2006, required the Plaintiff to file her motion for judgment within thirty (30) days of the entry of this Order, with the Defendant's response due within thirty (30) days from that time, and any reply from the Plaintiff due within fifteen (15) days from the Defendant's response. [Record No.14]

This 28th day of December, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge