UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| LOUELLA MOBERLY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-297-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| METLIFE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Plaintiff Louella Moberly's ("Moberly") motion for reconsideration. [Record No. 27] Having reviewed the memoranda submitted by the parties, the Court concludes that it original holdings regarding the standard of review as well as the substantive issues raised were correct. Accordingly, the Plaintiff's motion will be denied.

**I.      Procedural History**

Moberly filed this action in the Laurel Circuit Court on June 8, 2006. [Record No. 1; attachment] As a result of the issues raised under the Employee Retirement Income Security Act of 1974 ("ERISA"), Defendant MetLife ("MetLife") removed the matter to this Court on July 10, 2006. [Record No. 1] Following removal, the parties were directed to meet and submit a joint report concerning discovery and related matters. This meeting occurred on September 6, 2006.

As outlined in the report submitted following the meeting, the parties agreed that discovery would not be needed to resolve the issues presented. Further, as outlined in paragraph 5d. of their report, the parties acknowledged that they had "differing opinions regarding the

-1-

applicable standard of review." The Plaintiff contended that a *de novo* standard of review applied while the Defendant asserted that an arbitrary and capricious standard would be applicable. [Record No. 9, p. 3] As a result of the disagreement regarding the applicable standard to be applied, the Court entered a Scheduling Order on November 13, 2006, which directed the parties to file briefs concerning the issue. [Record No. 14] In accordance with this Order, these briefs were submitted in mid-December, 2006. [Record Nos. 15 and 16]

On December 28, 2006, the Court filed a Memorandum Opinion and Order regarding the standard of review applicable to the issues raised by the parties. In relevant part, the Court noted that,

> In the instant case, although the plan gave the Defendant discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the parties disagree regarding the applicable standard of review. The Plaintiff acknowledges the Defendant was the Plan Administrator, but argues that it was operating under a conflict of interest and, thus, the de novo standard of review should apply.
>
> When a potential conflict of interest exists, the arbitrary and capricious standard still applies, however the analysis is "shaped by the circumstances of the inherent conflict of interest." *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 984 (6th Cir. 1991). While a conflict of interest in the administration of the plan is a relevant factor for the Court to consider, the analysis of any possible conflict of interest need not be addressed until the Plaintiff's forthcoming motion for judgment stands submitted for review. *Peruzzi v. Summa Medical Plan*, 137 F.3d 431, 433 (6th Cir. 1998). . . .

[Record No. 17, pp. 1-2] Although the Plaintiff did not object to this Order, the Court did not contemplate that such objections would be filed at that time. Instead, the parties proceeded to address the merits of the claims and defenses as they had been directed.

A second Memorandum Opinion and Order was entered June 8, 2007. Through that Order, the Court concluded that the Plaintiff's motion for judgment should be denied and the

Defendant's motion for a judgment in the amount of $5,124.93 should be granted. [Record No. 25] A corresponding Judgment was also entered on the same date. [Record No. 26]

In resolving the issues presented, the Court addressed the relevant facts and concluded that the decision of the Plan administrator denying benefits was neither arbitrary nor capricious. In reaching this conclusion, the Court considered Moberly assertion that MetLife had failed to give due consideration to the opinion of her treating physician, Dr. Martha Foster, and to the additional materials submitted following the Defendant's initial determination.[1] [*See* Record No. 25, pp. and 13-14.] In relevant part, the Court stated:

> In *Black & Decker v. Nord,* 538 U.S. 822 (2003), the Supreme Court rejected a "treating physician rule," in contrast to Social Security determinations. Under ERISA disability plan determinations, "plan administrators are not obliged to accord special deference to the opinions of treating physicians." *Id.* at 825.
>
> Further, a plan administrator need not accord any special weight at all to the opinion of the treating physician. In reversing the Ninth Circuit, the Supreme Court specifically rejected a Ninth Circuit rule which required "an administrator 'who rejects [the] opinions [of a claimant's treating physician] to come forward with specific reasons for his decision, based on substantial evidence in the record.'" *Black & Decker*, 538 U.S. at 828 (internal citations omitted) While the Court recognized that "physicians repeatedly retained by benefits plans may have an 'incentive to make a finding of 'not disabled' in order to save their employers money and to preserve their own consulting arrangements,'" it nevertheless held that under the relevant statutory scheme no deference to the treating physician was required. *Id.* at 832.
>
> In the present case, there is no evidence that MetLife rejected the findings of Dr. Foster other than her ultimate conclusion that Moberly was permanently disabled and unable to return to work. In fact, Dr. Foster acknowledged in her July 15, 2005, treatment notes that Moberly's mood was "fairly stable" on her medications. However, given all of the other medical evidence in the record, even

---

[1] These additional materials specifically included the June 22, 2005, decision of the administrative law judge awarding the Plaintiff social security disability benefits. [*See* Record No. 25, pp. 5-6.]

if MetLife had rejected Dr. Foster's opinion, that rejection would have been supported by substantial evidence.

[*Id.*]

At page 7 of the June 8, 2007, Memorandum Opinion and Order, the Court again noted that "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, [while an arbitrary or capricious standard will still be applied,] that conflict must be weighed as a factor [] in determining if there is an abuse of discretion." [citing *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Notwithstanding this fact, the Court concluded that MetLife's determination concerning the denial of long term disability benefits was supported by substantial evidence. This determination included evaluation of the opinion of Dr. Foster as well as the review and conclusions of Dr. Schroeder. [*See* Record No. 8-11.]

With respect to the claimed conflict of interest, the Court concluded that,

[i]n this case, ACS hired MetLife [to] make determinations with respect to all questions arising in connection with the administration, interpretation and application of the Plan. Moberly has failed to identify the particular conflict of interest that must be taken into account. [Citation omitted.] Nevertheless, the Court notes that the overwhelming weight of evidence supports the administrator's decision that Moberly is not disabled. There is no evidence in the record indicating that she has any physical or psychological problems which would prevent her performance of her previous duties.

[Record No. 25, p. 12]

And with respect to Moberly's argument that MetLife failed to give appropriate weight to the decision of the Social Security Administration awarding benefits, the Court held that,

the mere fact that Moberly has been awarded social security benefits is not determinative in this proceeding. An award of social security benefits is not *per se* evidence of disability for purposes of awarding ERISA benefits. *Hurse v. Hartford Life & Accident Ins. Co.*, 2003 U.S. App. LEXIS 20030 at *16-*21, No.

02-5496 (6th Cir. Sept. 26, 2003); *Coker v. Metro. Life Ins. Co.*, 281 F.3d 793, 798 (8th Cir. 2003); *Pari-Fasano v. ITT Hartford Life & Accident Ins. Co.*, 230 F.3d 415, 420 (1st Cir. 2000). Because an ALJ's decision is not dispositive, MetLife was entitled to deny Moberly's claim for benefits regardless of the Social Security Administration's decision as long as the denial was not arbitrary and capricious. *See e.g.*, *Dials v. SMC Coal & Terminal Co.*, 891 F. Supp. 373, 377 (E.D. Ky. 1995), *aff'd*, 89 F.3d 833 (6th Cir. 1996). Moreover, MetLife properly considered Moberly's social security disability award, along with all the other information submitted in support of her claim. Although Moberly was not awarded social security benefits until after MetLife initially terminated her LTD benefits, MetLife considered the fact that she was awarded Social Security benefits on appeal in determining whether she was disabled under the Plan.

[*See* Record No. 25, pp. 12-13.]

### II. Moberly's Motion for Reconsideration

Moberly moved the Court to reconsider its dispositive ruling on June 18, 2007. Through this motion, she asserted that MetLife's decision: (i) was not supported by substantial evidence; (ii) ignores the evidence submitted in support of her claim; (iii) fails to follow the language of MetLife's Disability Policy; and (iv) ignores the Social Security Administration's award of disability benefits. She also contends that the Court applied the incorrect standard of review and simply "rubber-stamped" MetLife's decision.

In response, MetLife correctly argues that the Plaintiff has failed to assert proper grounds for reconsideration. According to MetLife, Moberly has simply restated her prior arguments which have been considered and rejected. Further, MetLife states that the Plaintiff's attempt to re-argue the appropriate standard of review is both untimely[2] and unsupported by relevant authority. MetLife also points out several misstatements in the Plaintiff's motion including: (i)

---

[2] While the Court agrees with the Defendant's remaining arguments, it does not conclude that Moberly's argument concerning the standard of review is untimely in connection with a motion filed pursuant to Rule 59 of the Federal Rules of Civil Procedure.

the fact that bipolar disorder, without more, is not disabling; (ii) that it did not "ignore" Plaintiff's award of Social Security benefits; (iii) that it did not arbitrarily refuse to credit the evidence submitted by Moberly in support of her claim; and (iv) the Court did not simply "rubber-stamp" MetLife's decision.

With respect to the relief currently sought by the Plaintiff, the Court notes that motions for reconsideration serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice. *See, e.g., General Truck Drivers Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir.1999) (Clay, J. dissenting), *cert. denied*, 528 U.S. 1137 (2000). Thus, the party seeking reconsideration cannot simply seek a second bite of the apple and it bears "[t]he burden of demonstrating the existence of a manifest error of fact or law." *In re Nosker*, 267 B.R. 555, 565 (Bankr. S.D. Ohio 2001). Here, the Plaintiff has failed to establish any of the three grounds are applicable. Instead, having reviewed the grounds for Moberly's motion, it is clear that she is merely attempting to assert the same arguments which were previously raised, considered and rejected. Further, while Moberly's assertion that bipolar disorder is a disabling condition under the language of the Plan, that assertion is factually incorrect.

In short, the Plaintiff has not demonstrated that the Court applied the incorrect standard under the circumstances presented. Further, she has not shown that any relevant evidence was not considered by the Court. And while she may quarrel with the Court's conclusions, the

Plaintiff has not demonstrated the existence of manifest error of fact or law. Likewise, she has failed to demonstrate or offer any support for her charge that this Court failed to discharge its duty but, instead, simply "rubber-stamped" MetLife's determination. Accordingly, being sufficiently advised, it is hereby

**ORDERED** that Plaintiff Louella Moberly's Motion for Reconsideration [Record No. 27] is **DENIED**.

This 2nd day of July, 2007.

Signed By:
*Danny C. Reeves* DCR
United States District Judge